**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-41204
_____

LARRY WAYNE REESE,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
(G-96-CV-13)
_____
November 5, 1998

Before REYNALDO G. GARZA, STEWART, and PARKER, Circuit Judges

PER CURIAM:[*]

Petitioner appeals from the district court's grant of summary judgment which resulted in the denial of his petition for habeas corpus. For the following reasons, we affirm the summary judgment.

I. <u>Background and Procedural History</u>

Larry Wayne Reese ("Petitioner") was convicted of delivery of a controlled substance after a jury trial in Texas state court and

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced to 70 years imprisonment.[2] Reese was arrested in a police sting operation when a police informant named Dal Bosco and an undercover police officer purchased drugs from Reese. At the time, another police officer provided police "back-up," and observed the transaction from afar.

The police informant, Dal Bosco, asserted his Fifth Amendment privilege and refused to testify at Reese's trial. The trial judge upheld Dal Bosco's right to assert the privilege, and did not require him to take the witness stand. Because neither Reese nor Dal Bosco testified at trial, the only evidence of the actual drug transaction was elicited from the two police officers. The officer who participated in the transaction testified that he and Dal Bosco arrived at the scene, Reese showed them a baggie containing drugs, the officer and Reese then haggled over price, Reese reached into his pocket and produced a small box containing several other baggies, and sold one of the baggies to him. Based primarily on the officer's testimony, Reese was convicted.

Reese filed a motion for new trial, primarily asserting that the trial court had erred in allowing Dal Bosco to assert his Fifth Amendment privilege. Reese contends that if Dal Bosco had been compelled to testify, he could have established an entrapment defense for Reese. At the hearing, Dal Bosco again asserted his Fifth Amendment privilege, but this time, he did answer certain questions asked of him. In Dal Bosco's limited testimony, he

---

[2]The jury found a prior conviction alleged for enhancement of punishment to be true and assessed punishment of imprisonment for seventy years and a $10,000 fine.

stated that when Reese was first approached by Dal Bosco and the undercover police officer, Reese said, "Don't mess with me." However, Dal Bosco also went on to corroborate the officer's testimony that (1) he and the officer rode to the area together; (2) Reese first handed him the drugs and he returned them to Reese; (3) the officer and Reese haggled over the price of the drugs; and (4) Reese produced a small box with baggies of cocaine in it. None of Dal Bosco's testimony at the new trial hearing contradicted either of the officer's trial testimony. Reese's motion for new trial was denied, and his conviction was affirmed on direct appeal. The state court of appeals concluded that any error in sustaining Dal Bosco's privilege was harmless, based on the fact that his testimony at the new trial hearing "was fairly reflective and cumulative" of the undercover officer's testimony. The appellate court also found that no new or different evidence would have resulted from Dal Bosco had he been compelled to testify at trial.

The Texas Court of Criminal Appeals granted a petition for discretionary review and remanded for a determination whether the error of allowing the informant to assert his Fifth Amendment privilege was harmless. On remand, the state appellate court again found that the error was harmless and affirmed the conviction. Reese subsequently filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court accepted the recommendations of the magistrate and granted summary judgment for the respondent on the basis that any error committed by the trial court was, at best, harmless error. After this court granted

3

Reese a certificate of probable cause, *see* <u>Green v. Johnson</u>, 116 F.3d 1115, 1119-20 (5th Cir. 1997)(required under pre-AEDPA habeas law), he now petitions this court to reverse the district court's summary judgment and grant his writ of habeas corpus.

## II.  <u>Discussion</u>

On appeal, Reese brings two points of error against the district court's grant of summary judgment.[3]  We will discuss them separately.

First, Reese contends that the district court's ruling that upheld Dal Bosco's privilege as harmless error deprived Reese of his right to secure witnesses on his behalf and his right to meaningful cross-examination.  Reese further contends that had he been able to develop Dal Bosco's testimony, he would have been able to prove the defense of entrapment.

We have previously held that "[i]n reviewing the grant of summary judgment in a habeas case, we presume that the state court's findings of fact are correct unless there is affirmative proof that these findings are inadequate."  <u>Teague v. Scott</u>, 60 F.3d 1167, 1169 (5th Cir. 1995).  Therefore, we accept the Texas appellate court's finding that no new or different evidence would have been produced had Dal Bosco been compelled to testify at trial.  We will therefore only consider the evidence already offered by Dal Bosco's at the hearing on Reese's motion for new trial.

---

[3]Reese has listed four "issues" on appeal, however, two of the issues are redundant and already covered in his two points of error.

Entrapment is an affirmative defense that requires a defendant to show:  (1) that he was induced to commit a criminal act by a government agent, and (2) that he was not predisposed to commit the act without the inducement.  *See* United States v. Pruneda-Gonzalez, 953 F.2d 190, 197 (5th Cir. 1992).  While Dal Bosco's statements that he heard Reese say, "Don't mess with me," could possibly indicate some hesitation by Reese to sell the drugs, that evidence goes only to the issue of government inducement.  The two officers that testified at trial, as well as Dal Bosco's corroborating testimony at the motion for new trial overwhelmingly establish that Reese would not be able to overcome the "no predisposition" prong of the entrapment defense.  We therefore agree that as a matter of law, Reese could not prevail on his entrapment defense, and therefore any error by the trial court in allowing Dal Bosco to assert his Fifth Amendment privilege was harmless.  Because Dal Bosco's limited testimony presented nothing sufficient to support Reese's entrapment argument, the district court was correct in granting summary judgment.

Reese's second point of error is that the trial court erred by failing to instruct the jury on the issue of entrapment.  This argument fails because Reese has failed to produce sufficient evidence to warrant the submission of entrapment to the jury.[4]  The main focus in evaluating an entrapment defense is on the defendant's predisposition to commit the offense rather than on the

---

[4]We decline to address respondent's contention that this argument initially fails because it does not state a constitutional issue cognizable on habeas corpus.

conduct of the government agents. *See* <u>United States v. Mora</u>, 994 F.2d 1129 (5th Cir. 1993). Here, Reese has failed to put on any evidence, either of government inducement, or of "no predisposition." Dal Bosco's statement that he heard Reese say, "Don't mess with me," is not sufficient to meet Reese's burden of making a prima facie showing of entrapment. If it is even "some evidence" at all, Reese's statement would only go towards the issue of government inducement. Therefore, because Reese failed to make out a prima facie showing on the two elements of the entrapment defense, it was not error for the trial court to refuse to instruct the jury on entrapment. *See* <u>United States v. Thompson</u>, 130 F.3d 676, 688 (5th Cir. 1997).

## III. <u>Conclusion</u>

For the foregoing reasons, we AFFIRM.